*Decision will be entered under Rule 50.*

OTTO H. WITTSCHEN AND L. F. BARTA, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3026.   Promulgated May 3, 1945.

*James P. Hill, Esq.,* for the petitioners.
*Arthur H. Fast, Esq.,* for the respondent.

**OPINION.**

TYSON, *Judge*:  In the case of a nonresident alien individual not engaged in trade or business within the United States and not having an office or place of business therein, section 211 (a) (1) of the Internal Revenue Code of 1939 imposes a tax:

* * * upon the amount received, * * * [by her] from sources within the United States as interest * * * dividends, rents, * * * or other fixed or determinable annual or periodical gains, profits, and income, * * *

This provision, it is to be noted, imposes the tax upon "the amount received," and it has repeatedly been interpreted by the Commissioner

as imposing the tax upon the "amount of gross income received" and as prohibiting any allowance for deductions. C. B. XV–2, p. 112, 114; Regulations 94, art. 211–7; 213–1; Regulations 101, arts. 211–7; 213–1; Regulations 103, arts. 19. 211–7, 19.213–1.

The question argued by the parties is whether the amount received by the nonresident alien beneficiary of the Freye trust is the gross income of the trust, undiminished by the expenditures of the trustees for real estate taxes, insurance, and management, and by reasonable depreciation, as the respondent contends, or whether it is the gross income, less those expenditures and depreciation, or the net income of the trust, as the petitioners contend.

In stipulating the facts, the parties state that the petitioners, as trustees, paid on the property comprising the corpus of the trust real estate taxes, fire insurance premiums, and other expenses of management, "including reasonable depreciation." Only the total amount of such items for each year is stated—$2,470.32 for 1940 and $2,266.30 for 1941; and it is stipulated also that those amounts would be allowable as deductions from gross income if the beneficiary was not a nonresident alien. We fail to understand how the trustees can be said to have paid out any sum for reasonable depreciation, but, as counsel draw no distinction in argument between the depreciation and the other items, and as they treat all items included in the total amounts stipulated as expenditures by the trustees, we assume, for the purpose of decision, that those amounts were expended by the trustees. We also assume that, as a consequence, they represent "proper expenses" which by the terms of the will were to be paid out of the income of the trust estate before any part of the income could be received by the beneficiary.

The beneficiary had no right to all the income received by the trustees from interest, dividends, and rent. The trustees held the corpus of the trust, with complete power to manage and dispose of it and collect the income therefrom, and they were charged with the duty of paying all expenses of the trust. They were to pay the entire net income to Augusta Wodrich, "after deduction of proper expenses." It is thus clear that the beneficiary could not have received the gross income undiminished by the operating expenses, and the depreciation, and the stipulated facts further show that the trustees actually paid such expenses. The amount received by the beneficiary therefore was the amount of income remaining in the hands of the trustees (after the payment of expenses and provision for depreciation) as reported in the withholding returns by the petitioners, and, in view of the plain terms of the statute, it was error for the respondent to increase the taxable income of the nonresident alien beneficiary by the amounts of $2,470.32 for 1940 and $2,266.30 for 1941.

Since the statute deals with gross income of nonresident alien individuals and forbids the allowance of deductions therefrom, the respondent would apparently bring this case within it on the theory that the nonresident alien beneficiary was the owner of the corpus of the trust and the trustees acted merely as her agents in managing the property and collecting the income. He relies principally on *Evelyn M. L. Neill*, 46 B. T. A. 197. Because the trustees were required to distribute the entire net income to the beneficiary, Augusta Wodrich and were to sell and dispose of the corpus at the earliest possible moment and pay the cash proceeds to her, after payment of specific legacies, respondent says that "for all practical intents and purposes, substantially all of the trust corpus and all of the trust income was the property of the nonresident alien beneficiary." The cash legacies amounted to $5,000, and they had to be paid from sales of the assets before Augusta Wodrich could receive the proceeds of any assets which were sold. There is, therefore, no sound reason for treating Augusta Wodrich as the owner of the trust property. Nor is there any sound reason for treating the trustees as her agents in the handling of the trust property, since she did not create the trust and had no control whatsoever over it or over the trustees in the disposition of the income or proceeds. What was said in *Anna Vondermuhll*, 29 B. T. A. 895, 899; affd., 75 Fed. (2d) 656, is apposite here:

> With reference to the contention of petitioner that the trustees were her agents and therefore deposits made by them were her deposits and payments made to them were payments to her, it is pointed out that under the trust instruments petitioner had no ownership of or control over the trust funds or how they should be invested and no control over the deposits, where or how they should be made, how long continued or how or by whom withdrawn; she had no power herself to draw on either the trust funds or income from them; she did not have any voice in filling a vacancy in the trusteeship, in case of a vacancy, and no power to remove or control a trustee in any manner. It is elemental that an agent is subject to the control of his principal. There does not appear to be any one of the requisites of agency present here. A trustee is not an agent. *Taylor* v. *Davis*, 110 U. S. 330.

See also *Gustava Kluehn*, 46 B. T. A. 1211.

The case of *Evelyn M. L. Neill*, *supra*, is clearly distinguishable. There the nonresident alien was taxed upon the gross rentals received by her American agents from property owned by her and situated in the United States and was denied the deduction therefrom of interest and other expenses paid for her by those agents in connection with the property. We have no such case here. Augusta Wodrich received no income from any one representing her as agent and she did not own the property from which the income here involved was derived.

The determination of the respondent is disapproved, and

*Decision will be entered under Rule 50.*